UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| ANIL VELUVOLU, ET AL. | CIVIL ACTION NO.: 18-00197 |
|---|---|
| VERSUS | JUDGE ELIZABETH ERNY FOOTE |
| NISSAN NORTH AMERICA, INC., ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Now before the Court are briefs filed by both parties addressing whether nonpecuniary damages can be awarded pursuant to Louisiana Civil Code article 1998 in an action for redhibition when the remedy is reduction of the purchase price rather than rescission of the sale.

### I. Background

This matter arises out of the sale of a new vehicle, a 2017 Acura NSX ("the Acura"). Record Document 3, ¶ 8. Plaintiffs purchased the Acura from Orr Infiniti in Shreveport, Louisiana on November 3, 2016. *Id.* Plaintiffs claim that the Acura began to manifest several defective conditions within a few months after the sale. Record Document 3, ¶ 15. The main defective condition was the failure of the car to start, which occurred on four separate occasions in 2017. Record Document 17-6, pp. 18, 23, & 25–26. Plaintiffs brought suit against American Honda Motor Company, Inc. ("AHM") for breach of implied and express warranties. Record Document 3, p. 3. Plaintiffs request a rescission of the sale, a return of the purchase price, and costs related to the sale, pursuant to the Louisiana law of redhibition and the Magnuson-Moss Warranty Act, along with attorney's fees and damages for mental anguish, humiliation, and inconvenience pursuant to Louisiana Civil Code article 1998 which allows the recovery of nonpecuniary damages in certain circumstances. *Id.* AHM has admitted that it is considered to be the legal manufacturer

1

of the Acura for the purposes of relevant Louisiana law. Record Document 37, p. 1.

Louisiana Civil Code article 2520 states that a seller warrants the buyer against redhibitory defects in the thing sold, and a defect is considered redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. La. Civ. Code Ann. art. 2520. The existence of such a defect entitles the buyer to obtain rescission of the sale. *Id.* Article 2520 also provides that a defect can be redhibitory even when it merely diminishes the usefulness or value of a thing so that it must be presumed that a buyer would still have bought it but for a lesser price. *Id.* In such a case, the proper remedy is a reduction of the purchase price rather than a rescission of the sale. *Id.* On summary judgment, the Court held that whether the Acura contained a redhibitory defect when it was sold, and whether the proper remedy is rescission of the sale or a reduction of the purchase price, were issues of fact to be decided at trial. Record Document 29, pp. 11 & 14–15. The Court also held that whether Dr. Veluvolu was eligible to receive nonpecuniary damages pursuant to article 1998 was a factual issue to be decided at trial. *Id.* at 16–17.

In their joint pretrial order, the parties highlighted an additional legal issue to be determined by the Court: whether general damages, interest, and other expenses surrounding the sale can be recovered by a plaintiff whose recovery in redhibition has been limited to a reduction of the purchase price. Record Document 29, p. 4. During the pretrial conference, this issue was narrowed further. The Court ordered the parties to submit briefing on whether nonpecuniary damages are recoverable in a redhibition case where the plaintiff's recovery has been limited to a reduction of the purchase price. Record Document 42, p. 8.

II. **Nonpecuniary Damages are Available**

Despite the Court's clear instructions, AHM's brief does not address whether nonpecuniary

damages can be awarded in a redhibition case where the remedy is a reduction in price. AHM provided the Court with no legal authority on the requested topic and instead argued that a manufacturer cannot be liable for nonpecuniary damages in a redhibition action at all. Record Document 43, p. 2. In order to reach this broad conclusion, AHM was either lax in its research efforts or lacks candor with the Court.

Louisiana Civil Code article 2545 sets forth the liability of bad faith sellers (those who knew of a redhibitory defect in the thing sold) and manufacturers (who are presumed to know of any defects in the things they sell). Comment (j) to article 2545 clearly states, "Under this Article, nonpecuniary damages are recoverable, as in other cases of contractual breach, whenever the requirements set forth in Civil Code Article 1998 . . . are met." La. Civ. Code Ann art. 2545 cmt. (j). Nothing about this comment indicates that its meaning does not apply equally to sellers and manufacturers. In fact, in the seminal Louisiana case regarding nonpecuniary damages under article 1998, *Young v. Ford Motor Company, Inc.*, the plaintiff sued both the manufacturer and the seller in redhibition. 595 So. 2d 1123 (La. 1992). The Louisiana Supreme Court held that nonpecuniary damages are recoverable in a redhibition case if it can be established that "the obligee intended—and if the nature of the contract supports this contention—to gratify a significant nonpecuniary interest by way of the contract, and that the obligor either knew or should have known that failure to perform would cause a nonpecuniary loss to the obligee." *Id.* at 1133. This holding does not exclude the manufacturer from liability for nonpecuniary damages where the requirements of article 1998 are met. Furthermore, every Louisiana appellate court has followed suit and evaluated whether a plaintiff in redhibition has met the requirements of article 1998 and is therefore eligible to receive nonpecuniary damages from a manufacturer. *See Lovell v. Blazer Boats Inc.*, 2011-1666 (La. App. 1 Cir. 10/24/12); 104 So. 3d 549, 555; *Jones v.*

3

*Winnebago Indus., Inc.*, 47,137 (La. App. 2 Cir. 5/16/02); 92 So. 3d 1113, 1121; *Landry v. Forest River, Inc.*, 2006-1424 (La. App. 3 Cir. 3/14/07); 953 So. 2d 1046, 1051; *Nelson Radiology Assocs., L.L.C. v. Integrity Med. Sys., Inc.*, 2008-0443 (La App. 4 Cir. 7/29/09); 16 So. 3d 1197, 1208–09; *Poche v. Bayliner Marine Corp.*, 93-CA-721 (La. App. 5 Cir. 2/09/94); 632 So. 2d 1170, 1175.

Nevertheless, AHM argues against this well-established facet of Louisiana law. It begins its argument by stating that the Louisiana Products Liability Act ("LPLA") is the exclusive theory of liability against manufacturers for damages caused by their products. Record Document 43, p. 2. Notably, Plainitffs do not assert that the Acura caused personal injury or economic damages within the meaning of the LPLA. AHM cites *Brandner v. Abbott Laboratories, Inc.*, No. 10-3242, 2012 WL 195540 at *6 (E.D. La. Jan. 23, 2012) which states that "[t]he Fifth Circuit has held that redhibition damages are limited to economic loss, which includes 'the cost of the product, and the loss of income or profits resulting from the loss of or inability to use the product as intended.'" (quoting *Chevron USA, Inc. v. Aker Maritime, Inc.*, 604 F.3d 888, 900–01 (5th Cir. 2010)). In *Chevron*, the Fifth Circuit was asked to determine whether the LPLA precluded the trial court's award of attorney's fees to a plaintiff who brought claims under the LPLA and redhibition. 604 F.3d at 899. The court observed that the LPLA provides the exclusive theory of recovery against manufacturers for damage caused by their products and does not allow the recovery of attorney's fees. *Id.* at 900. Examples of damages under the LPLA include pain and suffering, medical expenses, damage to other property, and loss of consortium, as opposed to the economic losses recoverable in a redhibition action. *Id.* The court held that the damages the plaintiff was asserting were primarily for damage that the defective product caused to other property, rather than economic loss related to the cost of the defective product itself. *Id* at 901. For that reason, the court

found that the plaintiff's damages fell entirely under the LPLA and not redhibition. *Id.* Therefore, the plaintiff could not recover attorney's fees. *Id.*

AHM argues that this Court is bound by *stare decisis* to hold that nonpecuniary damages are not recoverable in a redhibition action based on the Fifth Circuit's holding in *Chevron*.[1] Record Document 43, pp. 3–4. In context, the Fifth Circuit's holding that the plaintiff's losses were non-economic and therefore could not be awarded as part of a redhibition action was intended to contrast those economic damages with the personal injury-type damages that are recoverable under the LPLA. *See id.* This statement does not reflect a holding by the Fifth Circuit that nonpecuniary damages cannot be recovered in a redhibition action. In fact, *Chevron* does not mention nonpecuniary damages at all. Therefore, *stare decisis* does not dictate AHM's desired result as to nonpecuniary damages.

Whether nonpecuniary damages are available in a redhibition case where the proper remedy is a reduction of the purchase price is somewhat unclear under Louisiana law. This confusion has been noted by Louisiana legal scholars:

> Article 2545 does not refer to the distinction between rescission and price reduction. The article, however, does use the term redhibition, which under the sales revision leads to either rescission or price reduction. Yet this article seems to have only rescission in mind. The remedies it provides seem only to fit rescission, not reduction of the price. Yet for both kinds of sellers described in the article, both rescission and reduction of the price seem proper.

24 La. Civ. L. Treatise, Sales § 11:18.

Despite this ambiguity, the Court holds that bad faith sellers and manufacturers are liable for damages and attorney's fees under article 2545 even when a jury awards a reduction of the

---

[1] The Court notes that the Fifth Circuit has previously evaluated whether a plaintiff met the requirements for nonpecuniary damages under article 1998 in the context of a redhibitory action. *Alston v. Fleetwood Motor Homes of Ind. Inc.*, 480 F.3d 695, 701–02 (5th Cir. 2007).

purchase price. In *Capitol City Leasing Corp. v. Hill*, the Louisiana Supreme Court found that damages and attorney's fees should be considered in an action for a reduction of the purchase price. 404 So. 2d 935, 939 (La. 1981). The Court based this holding on former Louisiana Civil Code article 2544, which provided that an action for a reduction in the price is subject to the same rules and limitations as a redhibition action. *Id.* Article 2544 has since been eliminated from the Civil Code. However, it is discussed in comment (f) to article 2520. That comment states that article 2544 was eliminated as unnecessary because redhibition is now one cause of action with two possible remedies: rescission or reduction. La. Civ. Code. Ann. art. 2520 cmt. (f). The comment also states that the governing rules are the same "regardless of the remedy granted." *Id.* Based on this comment, the Court concludes that the availability of damages and attorney's fees are also the same regardless of the remedy granted.[2] Therefore, the Court holds that nonpecuniary damages are available in a redhibitory action, even when the remedy is limited to a reduction of the purchase price, as long as the requirements of article 1998 are met.

### III. The Jury will Determine the Amount of any Reduction in Purchase Price

AHM argues that if Dr. Veluvolu is awarded nonpecuniary damages and the remedy is limited to a reduction of the purchase price, those damages should be included in the amount of reduction instead of itemized as a separate form of recovery. Record Document 43, p. 4. When a reduction in the purchase price has been determined to be the proper remedy, the award is based on the difference in price between the actual value of the thing at the time of sale, and the value

---

[2] The Court notes that at least one Louisiana appellate circuit has approved the award of damages and/or attorney's fees in a redhibition action where the plaintiff's recovery was limited to a reduction of the purchase price. *See Fly v. Allstar Ford Lincoln Mercury, Inc.*, No. 95 CA 1216 (La App. 1 Cir. 08/21/96) 690 So. 2d 759, 765; *Bourne v. Rein Chrysler-Plymouth*, 463 So. 2d 1356, 1360 (La. App. 1st Cir. 1984).

6

warranted by the seller. *Bailey v. Delacruz*, 49,032 (La. App. 2 Cir. 6/16/14); 143 So. 3d 1220, 1229. AHM correctly points out several factors that are considered in determining that difference in price, including "the number of defects, the frequency and length of attempted repairs of the defects, the inconvenience associated with repairs, the actual damage, if any, caused by the defects, the actual cost of repairs and the curtailed use of the thing due to its defects." Record Document 43, p. 5 (quoting *Fly v. Allstar Ford Lincoln Mercury, Inc.*, No. 95 CA 1216 (La App. 1 Cir. 08/21/96); 690 So. 2d 759, 763). AHM argues that any nonpecuniary damages that could be awarded to Dr. Veluvolu should be included in the jury's determination of the proper amount of reduction in the purchase price. *Id.* According to AHM, allowing the jury to also award a separate amount for nonpecuniary damages would be to allow double recovery and could possibly allow an award of damages in excess of the original purchase price. *Id.*

Plaintiffs counter that allowing a separate award for nonpecuniary damages would not allow double recovery because Dr. Veluvolu's inconvenience is merely one factor of several that a jury may use to determine the proper award. Record Document 44, p. 4. Plaintiffs argue that AHM is attempting to confuse two separate determinations that the jury must make, the proper amount of reduction in the purchase price and the amount of damages that the jury may award if it finds that nonpecuniary damages are recoverable. *Id.*

The Court agrees with Plaintiffs that these are two separate calculations. In this case the jury will be asked to determine several factual issues, including whether the Acura contained a redhibitory defect when sold and whether the proper remedy for any redhibitory defect is a rescission of the sale or a reduction in the purchase price. If the jury finds that a reduction in price is the proper remedy, it will be asked to make an additional determination as to the proper amount of that reduction. As stated previously, the proper amount of reduction is "the difference between

the actual selling price and the price a reasonable buyer and seller would have agreed upon if they had both known of the defects." *Fly*, 690 So. 2d at 763. This is clearly an economic calculation that it intended to compensate a plaintiff for the costs that a redhibitory defect in an object has imposed upon him, whereas the award of nonpecuniary damages requires the jury to make an entirely separate calculation based on Dr. Veluvolu's nonpecuniary interest in the Acura.

The Court disagrees with AHM's contention that allowing nonpecuniary damages to be awarded separately from the amount of reduction would allow double recovery. Plaintiffs' inconvenience is one factor that the jury should consider in determining the proper amount of reduction. However, that type of inconvenience is separate from the "mental anguish, humiliation, and inconvenience" that Plaintiffs claim under article 1998, of which inconvenience is also just one factor. *See* Record Document 3, p. 3. Furthermore, the Court believes that any risk that Dr. Veluvolu might be awarded double recovery for his inconvenience can be eliminated by clear jury instructions and a jury verdict form that addresses that above issues and explains the separate analyses that the jury should perform for each item. Therefore, the Court holds that any potential award of nonpecuniary damages is not required to be included in the calculation of the proper amount of reduction in the purchase price.

## CONCLUSION

For the reasons discussed above, the Court holds that (1) nonpecuniary damages are available in a redhibitory action where the remedy is limited to a reduction of the purchase price, as long as the requirements of article 1998 are met and (2) any potential award of nonpecuniary damages is not required to be included in the calculation of the proper amount of reduction in the purchase price.

**THUS DONE AND SIGNED** in Shreveport, Louisiana on this ____ day of August, 2019.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE